COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-085-CR
 
WILLIAM EDWARD WILSON       
           
           
           
           
    APPELLANT
 
V.
 
THE STATE OF TEXAS       
           
           
           
           
               
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant was found guilty of driving
while intoxicated and sentenced to one hundred and eighty days in county jail
probated for twenty-four months and a $2,000 fine. Appellant complains on appeal
that the trial court erred in not admitting his medical records, which establish
a history of eye problems and pre-existing physical ailments that would hinder
his performance on field sobriety tests. We affirm.
Factual Background
On May 28, 2001 Trooper Barnes noticed a
red Corvette disregard a stop sign and continue driving with the turn signal on
at eighty-four miles per hour in a sixty-five mile-per-hour speed zone. When
Trooper Barnes pulled over the vehicle and approached, she noticed a strong odor
of alcohol coming from the car and appellant's breath. Appellant's eyes were a
little red and glassy, so Trooper Barnes asked him to exit the car. Trooper
Barnes proceeded to administer the horizontal gaze nystagmus test, the
walk-and-turn test, and the one-leg stand exercise.
Before giving the horizontal gaze
nystagmus test, Trooper Barnes asked appellant whether he had had any recent
head or eye injuries, and appellant answered no. Before administering the final
two tests, she asked whether appellant suffered from any physical injuries or
handicaps that would prevent him from performing the tests, and appellant again
replied no. Appellant failed the field sobriety tests and based on the totality
of the circumstances, Trooper Barnes arrested him for driving while intoxicated.
After arriving at the police station, appellant refused to supply a breath or
blood sample for testing.
Appellant pled not guilty to the charges;
however, a jury convicted him. The parties agreed to punishment at one hundred
and eighty days in county jail probated for twenty-four months and a $2,000
fine. Appellant appeals his conviction challenging the trial court's failure to
admit his medical records.
Standard of Review
Whether evidence is admitted
or excluded is within the trial court's discretion. Coffin v.
State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). If a decision is so
clearly wrong as to lie outside the zone within which reasonable persons might
disagree, the trial court abused its discretion. Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).
In order to reverse a trial court judgment, an appellate court must first
determine whether or not the offered evidence was relevant and second, whether
the exclusion of such evidence was harmful to the accused. Bird
v. State, 692 S.W.2d 65, 73 (Tex. Crim. App. 1985), cert.
denied, 475 U.S. 1031 (1986).
Discussion
In his sole issue, appellant complains that the trial court erred in
not admitting his medical records, which establish a history of eye problems and
pre-existing physical ailments that could hinder his performance on field
sobriety tests. The State responds that the trial court properly excluded the
medical records as irrelevant since the records, dated as far back as 1995,
failed to show that appellant's alleged medical ailments existed at the time of
the offense and did not show any connection to an issue at trial. Alternatively,
the State argues that the records were not admissible under Texas Rule of
Evidence 403 because they created a danger of misleading or confusing the jury.
Irrelevant evidence is inadmissible. Tex. R. Evid. 402. When evidence
has a tendency to make the existence of any fact that is of consequence to the
determination of the case more probable or less probable than it would be
without such evidence, it is relevant. Tex. R. Evid. 401. Relevant evidence
"must logically increase one's knowledge and enhance the likelihood of
ascertaining the truth about the fact." Sorensen v. State,
856 S.W.2d 792, 794 (Tex. App.--Beaumont 1993, no pet.).
Appellant argues that the medical records are relevant and relies on Sorensen.
In that case, the Beaumont court held that the trial court improperly excluded
evidence of defendant's scarring on his foot and calf because the State placed
defendant's lack of control of his movement during field sobriety tests at
issue. Id. at 794. These facts, however, are
distinguishable. The defendant in Sorensen told the
officer before performing the sobriety tests that half of his heel had been cut
off, he had arthritis in both knees, a portion of his calf was missing, and
people commented that he walked like a duck because of jerky leg movements. Id.
Here, appellant denied any injuries or disabilities when asked by Trooper Barnes
and then tried to bring up his ailments for the first time at trial.
The State relies on Sneed v. State, in which the
defendant argued that the trial court erred in excluding his medical records,
which he offered to establish he previously suffered a serious head injury. Sneed
v. State, 955 S.W.2d 451, 452 (Tex. App.--Houston [14th
Dist] 1997, pet. ref'd). The records were created approximately one week after
the arrest. Id. at 455. The defendant only indicated he
was injured at the time of his arrest for the first time at trial. Id.
at 456. The trial court properly excluded the records because they were not
relevant to the determination of Sneed's condition at the time of his arrest. Id.
Furthermore, the defendant never explained the relevance of how medical records
taken after his arrest proved his alleged medical condition at the time of his
arrest. Id.
Because the facts before us are similar to Sneed,
we conclude that the trial court properly excluded appellant's medical records
as irrelevant. During the field stop, Trooper Barnes asked appellant if he
suffered from any physical injuries or handicaps that would prevent him from
performing the sobriety tests, and appellant replied no. Appellant then
indicated for the first time at trial that he was injured at the time of his
arrest by attempting to admit his medical records as evidence.
Although appellant asserts that he suffers from watering, sore eyes
because of allergies and has had numerous physical ailments including back
surgery, a broken rib, chronic hip pain, an ankle injury, arthritis, and
rheumatism, he fails to show that the alleged enumerated medical ailments
existed at the time of the May 28, 2001 offense. Appellant's medical records do
indicate continuous allergy problems; however, the last entry indicating itchy
or watery eyes occurred on October 6, 1997, over three years before the current
offense. His alleged 1990 back surgery first appears in his medical history on
June 6, 2001, after the date of the offense, along with appellant's only mention
of arthritis and rheumatism.
Also, appellant first complained of hip pain on August 15, 2001, which
is approximately four years after the last time he complained of any hip pain
and, again, after his arrest. Appellant did hurt his ankle when he fell while
hunting in November of 2000, and he continued to complain of soreness weeks
before his arrest; however, the records indicate that he suffered only
"mild tenderness." Although appellant continued to complain of
soreness after his arrest, he still failed to establish that he suffered from
any physical ailment at the time Trooper Barnes arrested him. See
id. (holding that trial court properly excluded medical records because
they were not relevant to a determination of his condition at the time of
arrest).
Because appellant's medical records, before and after his arrest, are
not relevant to a determination of his condition at the time of his arrest, the
trial court did not abuse its discretion in excluding them. We overrule
appellant's sole issue.
Conclusion
Having overruled appellant's sole issue, the trial court's judgment is
affirmed.

TERRIE LIVINGSTON
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED JANUARY 23, 2003]

1. See Tex. R. App. P. 47.4.